UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

THADEUS JOSEPH MUNSON,

                Plaintiff,                Case No. 2:14-cv-59

v.                                   Honorable R. Allan Edgar

DANIEL HEYNS,

                Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Thadeus Joseph Munson, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Daniel Heyns, Warden Thomas Mackie, Unknown Party Director of Mailroom, Unknown Party Assistant Deputy Warden, and Assistant Resident Unit Supervisor John Burke.  In his complaint, Plaintiff alleges that prisoners at AMF are constantly subjected to violations of their constitutional rights, including the denial of access to the courts via mail tampering, interference with use of the grievance system, retaliation for the filing of grievances, racially hostile statements, lack of personal safety, and generally poor living conditions.

Plaintiff asserts that Defendant Heyns has failed in his duty to make sure staff is trained in racial and cultural differences and to eliminate discrimination.  Defendant Mackie encourages the exaggeration of racial and cultural differences, as well as poor treatment of prisoners. Finally, Plaintiff asserts that a Michigan Court of Appeals claim has been "lost to timely filing thus disqualifying the issues of motion for relief from judgment."

Plaintiff states that he has suffered severe deterioration in mental clarity, concentration, and focus due to psychological assaults, and that he has been subjected to poor and inadequate health care services.  Plaintiff claims that prisoners charged with class II major misconducts (bondable felonies) are denied a hearing investigator.  Plaintiff states that prison officials are responsible for court responses being sent to a prison where the intended recipient no longer resides.  Plaintiff also states that the exemption of certain policy directives violates the Freedom of Information Act.

Plaintiff attaches copies of grievances, grievance appeals, and responses to his complaint.  In the grievance, Plaintiff asserts that the use of electronics in the plumbing system limits prisoners from regular reasonable use of the toilet as water pressure is low, so that some feces remains floating in the bowl.  In the step II response to this grievance, Defendant Mackie states:

> This investigator finds no policy violation.  During the straight line wind storm in July, power was lost in two neighboring towns.  The prison has a generator which ensured power to the facility which was not available to others in the community.  Your claim that this was torturous, inhumane and unsanitary causing you stress and was a violation of your 8th Amendment right will not be entertained via the grievance process.

*See* docket #1-1, p. 11 of 11.

In another grievance, Plaintiff claims that staff unnecessarily make loud noises when they are in his vicinity.  In the step II response, Defendant Mackie notes that Corrections Officer Soumis denied Plaintiff's allegations and that he conducts his rounds in the same manner without regard to the identity of the particular resident.  Defendant Mackie further states:

> However slight it may be, it is inevitable that some noise will be made when the metal end of the wand comes in contact with the metal sensor.  Staff takes every precaution to make the noise as minimal as possible.  There is no evidence of cruel or unusual punishment in this instance.

*Id.*, p. 7 of 11.  Plaintiff seeks damages and equitable relief.

### Discussion

I.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially the court notes that Plaintiff's complaint consists of conclusory assertions

- 4 -

of unconstitutional conduct by staff toward prisoners at AMF. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Assuming that Plaintiff intends to raise the claims discussed in his attached grievances, these claims do not rise to the level of an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference

- 5 -

standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).  Plaintiff's claims that his toilet did not completely empty during a power outage and that staff are noisy during rounds do not constitute an Eighth Amendment violation.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  9/4/2014                                   /s/ R. Allan Edgar
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE